Nicholson, O. J.,
delivered the opinion of the court.
This was a suit by Thomas O. Meux against the South *441 ern Life Insurance Co., founded on a policy of insurance, issued by that company on the life of Eliza LeGrand Meux. Erom the judgment in the case in favor of plaintiff for over $31,000, the defendant prayed for and obtained an appeal, upon giving bond and security for costs and damages.
It is now moved to dismiss the appeal on the ground that the appeal could be granted legally only upon bond and security for the amount of the debt, damages and costs, in pursuance of sec. 3162 of the Code. [Shannon’s Code, sec. 4894.]
By the terms of the policy, “the company do hereby promise and agree to pay or cause to be paid, .the amount of the said insurance to the survivor on the death of either, heirs, executors, administrators, or assigns, in ninety days after due “notice and proof of the death, etc., any balance of the year’s premium, and any indebtedness to the company on account of this policy being first deducted therefrom.”
“It is time,” as said by this court in the case of the Mutual Protection Insurance Co. v. Hamilton, 5 Sneed, 209 [274, 275], “that the ultimate liability of the company to pay the insurance money, is subject to the contingencies contemplated and provided for in the contract, as set forth in the policy; and something is to be done by the assured, or by his assignees, from time to time, namely, the payment of the annual premiums, in order to keep the policy in force. But, upon the death of the assured, all contingency is at an end, and the payment of the money becomes an absolute, unconditional obligation on the part of the insurer, and the. policy becomes invested with all the essential properties of a promissory note, or the legal evidence of debt,” the policy not being under seal [p. 274].
Assuming this to be the true character of the contract of insurance, in the case of a life policy, is it such an instrument as falls wthin the enumeration in sec. 3162 of the *442 Code [Shannon’s Code, sec. 4894] ? In that section it is enacted that "in actions founded on bonds for the payment of money, bills single, bills of exchange, promissory notes, liquidated accounts signed by the party to be charged therewith, written obligations for the payment of bank notes, or promissory notes, etc., if the appellant take an appeal in the nature of a writ of, error from an inferor -to a superior jurisdiction, the bond shall be taken and the sureties bound for the payment of the whole debt, damages and costs,” etc.
The contract of insurance, on which the present suit is founded, is under the seal of the corporation. It is, therefore, a bond; as we have seen, it is an obligation to pay a certain sum of money, in the language of the court already quoted. When the contingency was ended by the death of the assured, the payment of the money became an absolute and unconditional obligation to pay the insurance money. It is therefore embraced by that provision of the section which enacts that “in actions on bond for the payment of money,” etc., the appeal bond shall secure the debt, damages and costs.
It is not our province to discuss the policy of the law, but to construe and execute it. We are unable to discover why an insurance policy under seal is not a bond for the payment of money, nor do we see why it is not as proper to require insurance companies, against which judgments have been rendered on their contracts under seal; to have the benefit of appeals upon giving bond and security for debt, damages and costs, as to require such bond from parties against whom judgments have been rendered on bills single, bills of exchange, liquidated accounts, etc. But waiving this discussion, it is enough that the legislature has enacted that in actions on bonds for money, the appellants shall appeal only on bonds with security for debt, damages and costs; and as, in this case, the insurance company has undertaken by its bond, to pay the insurance *443 money, it therefore conic! not legally appeal upon a bond for costs and damages only.
The motion to dismiss is allowed.
I do not concur in this opinion. McFarland, J.